```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF DELAWARE
```

METROPOLITAN LIFE INSURANCE       :
COMPANY,                          :
                                  :
        Plaintiff,                :
                                  :
    v.                            : Civil Action No. 09-679-JJF
                                  :
ROSEMARY A. JENKINS and           :
DONNA ALAMPI,                     :
                                  :
        Defendants.               :

B. John Pendelton, Jr., Esquire of McCARTER & ENGLISH, LLP, Newark, New Jersey.

Daniel M. Silver, Esquire of McCARTER & ENGLISH, LLP, Wilmington, Delaware.

Attorneys for Plaintiff.

James J. Haley, Jr., Esquire of FERRARA & HALEY, Wilmington, Delaware.

Attorney for Defendant Rosemary A. Jenkins.

Donna Alampi, Pro Se Defendant, Wilmington, Delaware.

**MEMORANDUM OPINION**

July 20, 2010
Wilmington, Delaware.

Farnan, District Judge.

    Pending before the Court are three motions: a Motion Summary Judgment (D.I. 42) filed by Defendant, Donna Alampi, who is proceeding pro se, and a Motion For Judgment On The Pleadings (D.I. 16) and a Motion For Summary Judgment (D.I. 46) filed by Defendant, Rosemary A. Jenkins. For the reasons set forth below, the Court will grant Defendant Jenkins' Motion for Summary Judgment and deny as moot her Motion For Judgment On The Pleadings. Defendant Alampi's Motion For Summary Judgment will be denied, and Plaintiff, Metropolitan Life Insurance Company ("MetLife"), will be dismissed from this action with prejudice.

## I. BACKGROUND

    MetLife is the administrator of the National Elevator Industry ("NEI") Health Benefit Plan (the "Plan"). MetLife filed this interpleader action based on conflicting claims made by Defendants concerning the disbursement of benefits under the Plan. The decedent, Joseph A. Alampi ("Decedent"), held a life insurance policy in the amount of $40,000. In 1991, prior to his death, Decedent executed the proper forms to designate his wife, Defendant Alampi, as his sole beneficiary under the Plan. (Id. at 2.) In 2006, Decedent filed a form with NEI entitled "Pension Application," which included a section, designated as Section E, which related to the "Designation of Beneficiary for Death Benefits, Life Insurance Benefits, and Return of Personal

1

Contributions." (D.I. 46 Exh. A; D.I. 1; Exh. A.). On that form, Decedent designated his aunt, Defendant Jenkins, as his sole beneficiary under the life insurance policy. Section E and the Pension Application, in its entirety, were signed and dated, but not notarized. (D.I. 46 Ex. A.) The NEI's Summary Plan Description requires notarization to change the designation of a beneficiary of a life insurance policy. (D.I. 46 Ex. D at 63.)

Following Decedent's death in 2008, both Defendant Jenkins and Defendant Alampi contacted MetLife concerning the distribution of the life insurance proceeds. As a result of Defendants' competing claims and the problem regarding the notarization of the Pension Application, MetLife was unable to determine the proper beneficiary of the insurance policy and filed this action. MetLife has deposited the $40,000 insurance proceeds plus applicable interest with the Clerk of the Court to be distributed following the resolution of this action.

## II. DISCUSSION

Defendants have filed competing Motions For Summary Judgment seeking disbursement of the insurance proceeds. In addition, Defendant Jenkins filed a Motion For Judgment On The Pleadings under Fed. R. Civ. P. 12(c). In light of the pending Motions For Summary Judgment, which encompass the issues raised by Defendant Jenkins' Rule 12(c) Motion, the Court will deny as moot the Motion For Judgment On The Pleadings.

A.  <u>The Parties' Contentions</u>

By her Motion For Summary Judgment, Defendant Jenkins contends that she is entitled to the life insurance proceeds because Decedent was not limited to a specific "enrollment form" to change a beneficiary, and by accepting the Pension Application form, NEI altered the contract and allowed for a change without notarization.  Defendant Jenkins also contends that Decedent substantially complied with the notarization requirement, and therefore, his intent to change the beneficiary under his policy should be recognized.

By her Motion For Summary Judgment, Defendant Alampi contends that she is the proper beneficiary of Decedent's life insurance policy, because the beneficiary change purportedly made by the Pension Application was not notarized, and is therefore, not effective.  In addition, Defendant Alampi asserts a counterclaim for breach of fiduciary duty against MetLife and requests summary judgment on the issue.  Specifically, Ms. Alampi contends that MetLife did not follow its own policy in handling the distribution of the proceeds of Decedent's life insurance policy and brought the instant action without any legitimate grounds or issues.

MetLife has filed Responses indicating that it takes no position with respect to the Motions For Summary Judgment insofar as they argue entitlement to the insurance proceeds.  MetLife

3

also requests the Court to dismiss it from this action. As for Defendant Alampi's counterclaim, MetLife contends that it acted in good faith in bringing this interpleader action based on its inability to determine the proper beneficiary of the insurance policy, and therefore, Defendant Alampi's counterclaim should be dismissed with prejudice.

B.  Standard of Review

Under Fed. R. Civ. P. 56(c), a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. When considering whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-movant, and resolve all reasonable inferences in the non-movant's favor. Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

The movant bears the burden of proving the absence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 10 (1986). Once the movant offers such proof, the non-movant "must come forward with

4

'specific facts showing [a] genuine issue for trial.'" Id. (quoting Fed. R. Civ. P. 56(e)).

   C.   Discussion

As a threshold matter, the Court will dismiss with prejudice Defendant Alampi's counterclaim against MetLife for breach of fiduciary duty. The purpose of an interpleader action is to allow the stakeholder to file suit, deposit property with the Court, withdraw from the proceedings, and allow the competing claimants to litigate the dispute among themselves. Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007). In Prudential Ins. Co. of Am. v. Hovis,, the Third Circuit concluded that a stakeholder who is permitted to bring an interpleader action cannot be liable for a breach of fiduciary duty, based on its failure to choose between the two adverse claimants. 553 F.3d 258, 264-65 (3d Cir. 2009). Accordingly, the Court will dismiss Defendant Alampi's counterclaim with prejudice and deny her Motion For Summary Judgment as it pertains to MetLife. In addition, the Court will grant MetLife's request to be dismissed with prejudice from this action

As for Defendants' pending Motions For Summary Judgment, the Court concludes that Defendant Jenkins is entitled to summary judgment. The NEI Plan Summary Description (the "Summary Description") provides that "Death Benefits will be paid in full in accordance with the terms of the Death Benefit provision of

the insurance contract by the insurance company that provides this coverage." (D.I. 48, Exh. D at 80, emphasis added.) The Summary Description also states: "To change your beneficiary, contact the Benefits Office for an enrollment form. The enrollment form must be dated, signed and notarized and on file with the Benefits Office to be valid." (Id., emphasis added.)

However, the relevant certificate of insurance contains no requirement of notarization to change a beneficiary and states:

> You may designate a Beneficiary in Your application or enrollment form. You may change Your Beneficiary at any time. To do so, You must send a Signed and dated, Written request to the policyholder using a form satisfactory to Us. Your Written request to change the Beneficiary must be sent to the Policyholder within 30 days of the date You Sign such request.

(D.I. 46, Exh. E at 47.) Further, NEI accepted the Pension Application, which did not require notarization, despite its position in the Summary Description requiring notarization. Thus, the Court is not persuaded that notarization is required to effectuate a change in beneficiary of the life insurance policy.

However, even if the Court concludes that notarization is required, the Court concludes that Defendant Jenkins is entitled to relief under the doctrine of substantial compliance. In evaluating substantial compliance in the employee benefits context, state law is applied, because ERISA does not pre-empt the relevant state standards. See Metro. Life Ins. Co. v. Kubichek, 83 Fed. Appx. 425 (3d Cir. 2003); Teachers Ins. &

6

Annuity Ass'n of Am. v. Bernardo, 683 F. Supp. 2d 344, 354 (E.D. Pa. 2010). Thus, Delaware state law applies to the instant action.

> Under Delaware law, an insured substantially complies with plan requirements when he "has done all that is reasonably possible or necessary for him to do in order to alter an insurance policy."

White v. White, 02-1364-SLR, 2005 U.S. Dist. LEXIS 1155, *9 (D. Del. Jan. 18, 2005)(quoting Greene v. Connecticut Mut. Life Ins. Co., No. 4869, 1977 WL 5189 (Del. Ch. March 25, 1977)); see also New York Life Insurance Co. v. Lawson, 134 F. Supp. 63, 65 (D. Del. 1955).

In this case, Decedent completed the Pension Application and in Section E, designated Defendant Jenkins as the beneficiary of his life insurance policy. The Pension Application was signed and dated, and the Court notes that there was no requirement in the Pension Application for notarization. In addition, NEI accepted the Pension Application, including the Section E designation of Defendant Jenkins as the beneficiary. In the Court's view, this latter undisputed fact is significant because "[s]trict compliance with the terms of the policy is primarily for the benefit of the insurance company." Greene, 1977 WL 5189 at *2.

To the extent Defendant Alampi contends that Decedent knew that notarization was required to change the beneficiary of the life insurance prolicy, or that Decedent may have acted with

7

impaired judgment when he completed the Pension Application, the Court is not persuaded that Defendant Alampi's arguments are sufficient to create a genuine issue of material fact. Defendant Alampi offers no evidence to support her bare allegations.[1] Accordingly, the Court concludes that Decedent's execution of the Pension Application naming Defendant Jenkins as the beneficiary of his life insurance policy demonstrates substantial compliance with the requirements necessary to change the life insurance beneficiary. Accordingly, the Court will grant Defendant Jenkins Motion For Summary Judgment and deny Defendant Alampi's Motion For Summary Judgment.

**V. CONCLUSION**

For the reasons discussed, Defendant Jenkins' Motion For Summary Judgment will be granted, and Defendant Alampi's Motion For Summary Judgment (D.I. 42) will be denied. Defendant Jenkins Motion For Judgment On The Pleadings (D.I. 16) will be denied as moot. Defendant Alampi's counterclaim will be dismissed with prejudice, and Metlife will be dismissed from this action with prejudice.

An appropriate order will be entered.

---

[1] Defendant Alampi also contends that Section E of the Pension Application did not use the word "change," and therefore, Decedent would not have realized that his actions changed the beneficiary of his life insurance policy. The Court is not persuaded by her argument because the Pension Application clearly requests the applicant to list his or her intended beneficiaries.

8